IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH DALE ROBERTSON | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | |
| | § | |
| | § | |
| WAL-MART STORES, INC. | § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, WAL-MART STORES TEXAS, LLC, incorrectly named as WAL-MART STORES, INC. ("Defendant"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

### I. STATEMENT OF GROUND FOR REMOVAL

On October 17, 2016, Plaintiff, Joseph Dale Robertson ("Plaintiff"), commenced an action in the 284th Judicial District Court of Montgomery County, Texas captioned "Cause No. 16-10-12021; *Joseph Dale Robertson v. Wal-Mart Stores, Inc.*" in which he sought personal injury damages allegedly resulting from an incident that occurred on October 17, 2014 at Wal-Mart Store No. 3213 (the "Store") in The Woodlands, Texas (the "Incident").

The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Harris County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

Removal is timely as the first date upon which Defendant, or its agents, received Plaintiff's Original Petition and Citation was on October 21, 2016, which is less than 30 days before this removal notice. 28 U.S.C. § 1446(b).

## III. VENUE

This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV. PARTIES

According to his Original Petition, Plaintiff was a citizen of Montgomery County, Texas, at the time suit was commenced. *See* Exhibit A, Plaintiff's Original Petition, Page 1, Paragraph 2.

Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

Defendant, Wal-Mart Stores Texas, L.L.C., is a Delaware limited liability company, and is an indirectly, wholly-owned subsidiary of Wal-Mart Stores, Inc. The sole member of Wal-Mart Stores Texas, L.L.C. is Wal-Mart Real Estate Business Trust. The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co., which is a wholly owned subsidiary of Wal-Mart Stores East, L.P. Wal-Mart Stores East, L.P. is a Delaware limited partnership, of which

WSE Management, L.L.C. is the general partner and WSE Investment, L.L.C. is the limited partner. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, L.L.C. (f/k/a Wal-Mart Stores East, Inc.), whose parent company is Wal-Mart Stores, Inc. The principal place of business of Wal-Mart Stores Texas, L.L.C. is Bentonville, Arkansas. Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas.

Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant. 28 U.S.C. §§ 1332, 1441. The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## V.  PLAINTIFF'S ALLEGATIONS

Plaintiff contends that a Wal-Mart manager "falsely reported that Plaintiff had assaulted a store employee." *See* Ex. A, Pages 2–5. When Montgomery County Sheriff's Office officers arrived, Plaintiff was "immediately instructed [] to turn around, and handcuffed [] in public at the service counter [], in view of Wal-Mart store patrons and employees." *Id*. at Paragraph 13. Plaintiff was given a citation for "disorderly conduct." *Id*. at Paragraph 14. As a result, Plaintiff brings forth a false arrest/false imprisonment cause of action against Defendant based on the Incident. *Id*. at Paragraph 17. Plaintiff alleges he has suffered extreme shame and public embarrassment, causing great mental anguish. *Id*. Additionally, Plaintiff seeks punitive damages against Defendant.

## VI. JURISDICTIONAL BASIS FOR REMOVAL

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

The relevant jurisdictional facts are to be judged as of the time of removal. *Allen*, 63 F.3d at 1335. Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

**A.     Amount in Controversy Exceeds $75,000.00.**

When a plaintiff does not allege a specific amount of damages, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Gebbia*, 233 F.3d at 881. A defendant can carry its burden by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to exceed $75,000.00, or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum. *Id.*; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Such "tests are applied in order, and only if the "facially apparent" test is not met, do we require "summary judgment" type evidence of the amount in controversy." *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2-3 (5th Cir. 2002).

In addition, Plaintiff seeks punitive damages against Defendant for false arrest/imprisonment. *See*, Ex. A, Paragraph 19. The purpose of punitive damages is to punish a tortfeasor whose wrongful action was intention or malicious and to deter him and others from similar extreme conduct. *Allen v. R & H Oil & Gas Co.*, 63. F.3d 1326, 1332 (5th Cir. 1995). The amount of a plaintiff's punitive damages claim can be considered in assessing the amount in controversy. *Id.*

In *Allen v. R&H*, the Fifth Circuit held that plaintiffs' claim for punitive damages, asserting that harm caused for wanton and reckless conduct, would be facially apparent that damages sought exceeded the threshold amount for removal. *Id.* at 1336. Thus, applying common sense, the court

held that if plaintiffs were successful in their punitive damages claim, the amount in controversy was sufficient for the court to exercise federal jurisdiction. *Id.* at 1336. In *White v. FCI USA, Inc.*, the Fifth Circuit held that the district court's removal, based on plaintiff's lengthy list of compensatory and punitive damages combined with attorney's fees, was proper and met the facially apparent test. 319 F.3d 672, 675–76 (5th Cir. 2003).

It is facially apparent from the Plaintiff's Original Petition that her claims are likely to exceed $75,000.00. As an initial matter, Plaintiff's Original Complaint specifically pleads monetary damages ranging from $100,000.00 to $1,000,000.00. *See* Ex. A, Paragraph 18. By pleading a range of damages of $100,000.00 to $1,000,000.00, Plaintiff acknowledges that he is seeking at least a sum of damages in a six-figure range, greatly exceeding the $75,000.00 threshold. *Id.* Defendant has produced ample evidence for the Court to find removal appropriate. Defendant has met its burden to prove by a preponderance of the evidence that Plaintiffs' claims are likely to exceed $75,000.00. Consequently, the Court can find that the amount in controversy requirement has been satisfied to have this case properly removed to this Court.

**B.   Diversity of Citizenship**

As set forth, *supra*, Plaintiffs are citizens of the State of Texas and Defendant is composed of companies organized under the laws of Delaware and Arkansas, with their principal places of business in the State of Arkansas. None of Defendant's partners or members are citizens of the State of Texas. As such, Defendant has met its burden of establishing that diversity of citizenship exists between the parties.

### VII. CONCLUSION

Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that diversity of

citizenship exists between the parties in this case. Therefore, the Court should find that removal is proper in this case.

## VIII. PRAYER

WHEREFORE, Defendant, Wal-Mart Stores Texas, LLC prays that this Court find that the above-styled action now pending in the 215th Judicial District of Harris County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

BUSH & RAMIREZ, LLC

*/s/John A. Ramirez*

_____

John A. Ramirez
TBN: 00798450
FBN: 21280
Crystal T. Dang
TBN: 24097566
FBN: 2789486
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
cdang.atty@bushramirez.com

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 18th day of November, 2016.

Daniel Kistler
17401 El Camino Real, Suite 204
Houston, Texas 77058

*/s/John A. Ramirez*

_____
John A. Ramirez | Crystal T. Dang